# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 22, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JUDITH E. COLEMAN,**
**Claimant Below, Petitioner**

vs.)    **No. 16-1097** (BOR Appeal No. 2051315)
(Claim No. 900044242)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**BLUE RIDGE FUNERAL HOME, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Judith E. Coleman, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by Noah A. Barnes, its attorney, filed a timely response.

The issue on appeal is moot because Ms. Coleman seeks authorization of medications that have already been approved. The claims administrator issued a June 3, 2015, decision which approved Cymbalta, Seroquel XR, and Valium for sixty days. The same decision denied further treatment beyond the initial sixty days because there was not a causal connection between the compensable injury and the need for the medications. The claims administrator then issued a December 3, 2015, decision that authorized the requested medications and did not state that the medications would be terminated. The Office of Judges affirmed the claims administrator's decision on May 12, 2016. Additionally, the Office of Judges dismissed the claims administrator's June 3, 2015, decision as moot. The Board of Review affirmed the Order of the Office of Judges on August 17, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Coleman, an employee for Blue Ridge Funeral Home, Inc., injured her back while attempting to lift a casket at work on January, 30, 1990. Her claim was held compensable for a lower back injury. Ms. Coleman subsequently developed sharp low back pain that radiated to the left leg. Harold Fleschner, M.D., initially diagnosed Ms. Coleman with acute lumbar, sacral and sacroiliac sprains; involuntary muscle spasms; and nerve root compression. Dr. Fleschner treated Ms. Coleman for several years after the compensable injury, and during that time she had several lumbar aggravations. He saw no evidence of intervening injuries. Dr. Fleschner testified on March 16, 1995, that an MRI taken of Ms. Coleman's lumbar spine on April 8, 1994, revealed a herniated disc at L5-S1. Dr. Fleschner stated that Ms. Coleman's impairment would be progressive, and he discussed surgery with her.

A pain management letter dated October 24, 1996, stated that Ms. Coleman underwent a lumbar laminectomy and multiple epidural steroid injections after the compensable injury. Ms. Coleman rated her pain at an eight on the pain scale. The healthcare provider indicates Ms. Coleman had "chronic pain problems with a situational depression directly related to the pain itself. The patient does have an L5 nerve root deficit in the right leg for which there is ongoing continued workup." Lastly, the letter states that Ms. Coleman had permanent impairment from the compensable injury and that she was probably at maximum medical improvement. Ms. Coleman was seen by Wassim Saikali, M.D., with nausea, vomiting, shortness of breath, and generalized weakness on June 11, 1999. Ms. Coleman had chronic pain and reported multiple joint pains involving the knees, hands, and back. According to Dr. Saikali, Ms. Coleman looked depressed, and she had "footdrop with significant decrease in dorsiflexion in the right foot. She reports this after surgery to her back." Dr. Saikali examined Ms. Coleman and diagnosed possible fibromyalgia, mild generalized osteoarthritis, chronic pain syndrome, and foot drop. Dr. Saikali suggested Ms. Coleman needed aggressive treatment for depression.

On September 11, 2000, Ms. Coleman saw Dr. Saikali with severe depression. She was despondent and crying. Dr. Saikali examined Ms. Coleman and stated she had severe refractory fibromyalgia and chronic pain syndrome. "The patient has failed all interventions. She does not feel she can function because of her persistent symptomology and pain." At that time, Dr. Saikali believed that she was totally disabled until her depression was under control. On September 29, 2003, the claims administrator granted authorization for twelve psychiatric counseling sessions with Khalid Hasan, M.D. During her treatment in 2008, Ms. Coleman was seen at the Chestnut Ridge Comprehensive Behavioral Healthcare Center for a psychiatric evaluation. The author of the evaluation is unknown because only part of the report was submitted. The report states the claimant suffered from chronic pain and depression. According to the report, Ms. Coleman underwent back surgery in December of 1994. However, following the "surgery, she noticed foot drop and had a great decrease in her ability to function. Since her back surgery, she has had

treatment with physical therapy, pain clinics, injections, and a TENS unit with little to no benefit. Around the time of the interview, her physical symptoms were worse and she was beginning to have pain in her legs, as well as her back and hips." The report states that after her 1994 surgery the claimant met the criteria for mild major depressive disorder of a single episode. Ms. Coleman exhibited a depressed mood, decreased energy, decreased interests, passive suicidal ideations, hopelessness, and feelings of worthlessness. According to the report, Ms. Coleman isolated herself from others. A report dated the following day reiterated the issues and assessed 5% whole person impairment. According to the report, 1% of that 5% was due to non-work-related issues.

In 2009, Ms. Coleman underwent an independent medical evaluation, from Cheryl Hill, M.D., which suggested that 70% of her depression was work related. On June 3, 2015, the claims administrator denied approved the medications Cymbalta, Seroquel XR, and Valium but stated that they would only be approved for a sixty day period. The claims administrator also stated that the medications would not be continued past the sixty day period because no evidence showed the medications were needed due to a compensable condition. However, a December 3, 2015, claims administrator decision did not deny any future medications and approved the requested medications of Cymbalta, Seroquel XR, and Valium. For reasons unknown, Ms. Coleman appealed her approval for the medications to the Office of Judges.

The Office of Judges found that the December 3, 2015, claims administrator decision superseded the June 3, 2015, decision. Therefore, Ms. Coleman would receive the requested medications without limitations. The Board of Review adopted the findings of the Office of Judges and affirmed its Order. Ms. Coleman appealed to this Court seeking that her medications be approved. Because her medications have been approved as requested, there is no issue in dispute and therefore the case is moot.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 22, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker